Melissa A. Higbee, Esq.
State Bar No. 62465
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile

*Attorney for Plaintiff,*
JOE MYERESS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JOE MYERESS,

Plaintiff,

v.

BARNES PROFESSIONAL LIMOUSINE SERVICE, LLC.; WALTEN POINT PRODUCTIONS, LLC.; AND DOES 1-5, INCLUSIVE,

Defendants.

Case No. ____________________

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Joe Myeress, for his Complaint against Barnes Professional Limousine Service, LLC.; Walten Point Productions, LLC.; and DOES 1-5, inclusive, Defendants, alleges as follows:

## INTRODUCTION

1. Joe Myeress (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Barnes Professional Limousine Service, LLC.; Walten Point Productions, LLC.; and DOES 1-5, inclusive (hereinafter

"Defendants"), with regard to the unlawful use of a copyrighted image (hereinafter "Image") owned by Plaintiff, and this conduct caused Plaintiff damages.

2. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants(s) named in this caption.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendants violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Defendant Barnes Professional Limousine Service, LLC. because Defendant is corporation with a place of business in the State of Florida, Defendant advertises services directed at citizens of Florida on its website http://www.partyservicemiami.com, Defendant's acts of infringement complained of herein occurred in the State of Florida, and Defendants has caused injury to Plaintiff in his intellectual property within the State of Florida.

6. This Court has personal jurisdiction over Defendant Walten Point Productions, LLC. because Defendant is corporation with a place of business in the State of Florida, Defendant advertises services directed at citizens of Florida on its website http://www.partyservicemiami.com, Defendant's acts of infringement complained of herein occurred in the State of Florida, and Defendants has caused injury to Plaintiff in his intellectual property within the State of Florida.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendants committed the acts of infringement, and has a regular and established place of business in this judicial district.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Sarasota, in the State of Florida, and is a professional photographer by trade.

9. Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, 106A.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant  in the State of Florida and conducted business within the State of Florida.

//

//

11. Plaintiff is informed and believes, and thereon alleges, that Defendants are corporations which unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority, or by the method of a license.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was an individual residing within the State of Florida.

13. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants were corporations organized under the laws of the State of Pennsylvania, with a place of business in the State of Florida and in this judicial district.

14. Plaintiff is a photographer by trade. He has been a photographer for thirty years. Plaintiff served in the United States Navy as a photographer for five years. Plaintiff photographed President George H. Bush's inauguration. These images are now a part of the National Archive. Plaintiff photographed the Summit at the White House between President George Bush and President Mikhail Gorbachev of the Soviet Union. Over the years, Plaintiff has worked in different areas of the photography field. He has photographed weddings, models, landscapes, concerts, sports, and tabletop. Plaintiff has won many awards, both local and National, and has been published in magazines

//

//

and newspapers. Plaintiff currently works as Senior Photographer for a national retailer. Plaintiff's main source of income is the art he creates with his camera.

15. Plaintiff took the Original Image. *See* Original Image attached hereto as "Exhibit A."

16. Plaintiff has ownership and copyright of the Image.

17. Plaintiff has registered the Image with the United States Copyright Office under Registration Number VA 1-955-450.

18. Plaintiff has provided multiple notices to Defendants that the Image are subject to copyright and to cease use of the Image.

19. Plaintiff did not consent to authorize, permit, allow in any manner the use of the Image by Defendants.

20. Plaintiff is informed and believes that Defendants used Plaintiff's copyrighted works without his permission and that it published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

21. Plaintiff is informed and believes that Defendants used the Image on its business website found at http://www.partyservicemiami.com as early as February 25, 2016. *See* Screenshots of Defendants' use attached hereto as "Exhibit B."

22. On information and belief, Defendants used the Image to promote the Defendants' business.

23. Plaintiff did not consent to the use of his Image for commercial gain.

24. On information and belief, Defendants knew that they did not possess any rights in the Image and that their use of the Image was unauthorized.

25. On information and belief, Defendants' use of the Image was deliberate and willful.

26. Defendants' unauthorized reproduction, public display, distribution, and transmission of the Image violated Plaintiff's exclusive copyrights rights in the Image and constituted direct infringement.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

## Title 17 of the United States Code

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

29. Plaintiff is informed and believes and thereon alleges that said Defendants willfully infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited

through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

30. As a result of each and every Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

31. As a result of the Defendants' violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

32. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

//

//

//

//

//

//

//

//

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants

- Awarding Plaintiff statutory damages in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c);
- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;
- Enjoining the Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and
- Awarding any other relief the Court deems just and proper.

Dated: May 24, 2017

Respectfully submitted,

**/s/ Melissa A. Higbee**_______

Melissa A. Higbee, Esq.
State Bar No. 62465
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Joe Myeress, hereby demands a trial by jury in the above matter.

Dated: May 24, 2017

Respectfully submitted,

**/s/ Melissa A. Higbee**_______

Melissa A. Higbee, Esq.
State Bar No. 62465
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Attorney for Plaintiff*